UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
_____
                            )
                            )
UNITED STATES OF AMERICA    )
                            )
v.                          )    Criminal Action
                            )    No. 04-10288-RWZ
CARLOS ESPINOLA, Et al.,    )
         Defendants,        )
                            )
                            )
_____)
```

ORDER
June 2, 2005

**SWARTWOOD, C.M.J.**

This matter was referred to me on September 22, 2004 for determination of all pretrial proceedings. This Order addresses the Joint Motion Of Defendants Joseph Allen, Philip Albert, Jr., Carlos Espinola, James Gardner, And Jared Knowlton For Discovery (Docket No. 189)[1].

---

[1] Matthew Cream, Jason Matthews, Jonathan Mitchell and Archibald Macleod have joined in this motion.

Discussion

In the Defendant's [sic.] Reply To The Government's Response To Joint Motion For Discovery (Docket No. 205) and/or at the hearing held on the joint motion for discovery, counsel for these Defendants informed the Court that, in light of the Government's response, the issues that they are pursuing are, (1) their request for a bill of particulars, and (2) their request that the Government disclose the following information sixty days before trial: expert witness summaries, a summary/notice of prior bad acts, exculpatory evidence, a witness list, reports prepared by law enforcement officers, custodial admissions, itemization of video and audio recordings, and co-conspirator statements.

A. Request for Bill of Particulars.

These Defendants seek a bill of particulars wherein the Government would set forth with specificity the following information: the date each of them is alleged to have joined the conspiracy charged in Count One[2]; a description of the actions by which each of them is alleged to have joined the conspiracy charged in Count One; the date(s) and locations of any overt acts allegedly committed by each of these Defendants in furtherance of the conspiracy charged in Count One; a description of any overt acts allegedly committed by each of these Defendants in furtherance of the conspiracy charged in Count One; a description of the alleged

---

[2]Count One of the Indictment charges these Defendants and others with conspiracy to possess with intent to distribute and distribution of Oxycodone.

unlawful acts committed by Mr. Allen on June 7, 2004 which form the basis of the charges against him in Count Sixteen (charging him with distribution of Oxycodone in violation of 21 U.S.C. §841(a)(1) and aiding and abetting in violation of 18 U.S.C. §2) and the names of all witnesses to such acts; a description of the alleged unlawful acts committed by Mr. Albert on or about on November 5, 2003 which form the basis of the charges against him in Count Four (charging him with distribution of Oxycodone in violation of 21 U.S.C. §841(a)(1) and aiding and abetting in violation of 18 U.S.C. §2) and the names of all witnesses to such acts; a description of the alleged unlawful acts committed by Mr. Gardner on January 6, 2004, which form the basis of the charges against him in Count Eight (charging him with distribution of Oxycodone in violation of 21 U.S.C. §841(a)(1), Public Housing Violation in violation of 21 U.S.C. §860(a) and aiding and abetting in violation of 18 U.S.C. §2) and the names of all witnesses to such acts; the names of all witnesses to each of these Defendant's alleged criminal conduct which form the basis of the charges against him in Count One (<u>see</u> Note 1, *supra*); and the times, manner and means supporting the allegations concerning how much Oxycodone for which each of these Defendant is allegedly accountable.

An indictment is sufficient if it "(1) contains the elements of the offense intended to be charged, (2) sufficiently apprises the Defendant of the charges against him which he must defend, and

(3) shows with accuracy the extent to which the Defendant may plead an acquittal or conviction as a bar to future prosecution." United States v. McGee, 798 F. Supp. 53, 59 (D.Mass. 1992). Furthermore, a motion for a bill of particulars need be granted only if the defendant "in the absence of more detailed specification, will be disabled from preparing a defense, caught by unfair surprise at trial, or hampered in seeking the shelter of the Double Jeopardy Clause". United States v. Sepulveda, 15 F.3d 1161, 1192-93 (1st Cir. 1993). These Defendants assert that they need the requested information in order to prepare their defense. The Government, on the other hand, argues that a bill of particulars is not warranted in this case because the information contained in the Indictment and the affidavit supporting the underlying Complaint, and the information disclosed at the multiple detention hearings held in this case and provided to these Defendants in the investigative reports and other materials disclosed to them during the discovery process, gives them sufficient details of the crimes with which they have been charged such that they can adequately prepare a defense, will not be unduly surprised at trial and can plead double jeopardy in a subsequent proceeding.

    I find that the Indictment, including the Counts as to which these Defendants seek additional particulars, alleges the essential elements of each of the crimes with which they have been charged. Furthermore, most, if not all, of the factual details and other

information requested by the Defendants were disclosed at the multiple detention hearings/probable cause hearings held in this case.[3]  Where the Government provides the information requested in some other form, a defendant is not entitled to a bill of particulars with respect to such information. United States v. Canino, 949 F.2d 928 (7th Cir. 1991); United States v. Laughlin, 768 F.Supp. 957, 967 (N.D.N.Y. 1991).

The allegations contained in the underlying Indictment, together with information disclosed at these Defendants' probable cause and/or detention hearings and the discovery provided them are sufficient to inform them of the charges against them such that they will be able to avoid prejudicial surprise at trial, prepare a meaningful defense and plead double jeopardy to any subsequent charges against them.  Therefore, these Defendants' request for a bill of particulars is denied.

---

[3] Mr. Macleod is the only one of these Defendants who did not have a probable cause and/or detention hearing.  Mr. Macleod may request copies of the transcripts of his co-Defendants' detention/probable cause hearings.

### B. Modification Of Disclosure Deadlines

These Defendants request accelerated timing of certain Government disclosures and the Government has made a counter proprosal for the timing of these disclosures as follows:

| Subject | Defendants' Request | Government's Proposal |
|---|---|---|
| Expert Witness Summaries | 60 Days Before Trial | 30 Days Before Trial |
| Prior Bad Acts | 60 Days Before Trial | 21 Days Before Trial |
| Exculpatory Evidence | 60 Days Before Trial | 21 Days Before Trial |
| Witness List | 60 Days Before Trial | 21 Days Before Trial |
| Reports Prepared By Law Enforcement Officers | 60 Days Before Trial | Most Already Disclosed, Remainder With Jencks Act Material, 14 Days Before Trial |
| Custodial Admissions | 60 Days Before Trial | 14 Days Before Trial |
| Itemization Of Video And Audio Recording | 60 Days Before Trial | 10 Day Before Trial |
| Co-Conspirator Statements | 60 Days Before Trial | 30 Days Before Trial |

These Defendants argue that because of the complexity of this case and the amount of materials/information which must be reviewed, it is necessary for them to receive the requested information at least sixty days before trial so that they will have an opportunity to prepare a meaningful defense. The Government opposes this request and argues first, that the deadlines proposed by it are sufficient to allow these Defendants to prepare for trial and second, that those deadlines comport with those set forth in this Court's Local Rules, which are presumptively reasonable.

I agree with the Defendants that given the nature and complexity of this case, in order to avoid trial delays and to assist counsel in preparing a defense, the Government should be required to disclose some of the requested information sooner than its proposed deadlines. At the same time, all of the defense counsel in this case are experienced and able trial lawyers, who I am confident can review the requested materials and prepare a meaningful defense in far less time than the sixty days proposed by them (which I find to be an unreasonable request). Under the circumstances, I am setting the following deadlines for the Government to disclose the requested information:

| Subject | Disclosure Deadline |
|---|---|
| Expert Witness Summaries | 30 Days Before Trial[4] |
| Prior Bad Acts | 30 Days Before Trial |
| Exculpatory Evidence | 45 Days Before Trial |
| Witness List | 21 Days Before Trial |
| Reports Prepared By Law Enforcement Officers | 30 Days Before Trial |
| Custodial Admissions | 21 Days Before Trial |
| Itemization Of Video And Audio Recording | 21 Days Before Trial |
| Co-Conspirator Statements | 45 Days Before Trial |

---

[4]Given the nature of the expert testimony, if any, which the Government indicated it may present, thirty days prior to trial is more than sufficient time for the defense to review and respond to expert witness summaries.

<u>Conclusion</u>

The Joint Motion Of Defendants Joseph Allen, Philip Albert, Jr., Carlos Espinola, James Gardner, And Jared Knowlton For Discovery (Docket No. 189) is <u>allowed</u>, in part, and <u>denied</u>, in part, as provided in this Order.

<u>/s/ Charles B. Swartwood</u>
Charles B. Swartwood, III
CHIEF MAGISTRATE JUDGE