UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA          )
                                  )      CRIMINAL NO. 04-10288-RWZ
          v.                      )
                                  )
CARLOS ESPINOLA, ET AL.,          )
          Defendants              )
                                  )

**Government's Memorandum In Opposition To
Defendant's Philip Albert's Motion To
Reinstate Conditions Of Release**

The United States of America, by Michael J. Sullivan, United States Attorney, and Michael J. Pelgro, Assistant U.S. Attorney, hereby files this memorandum in opposition to defendant Philip Albert's motion to reinstate conditions of release.  Albert is scheduled to be sentenced by the Court on August 29, 2006 and, according to his motion, he is scheduled to complete his in-patient drug treatment program on August 9, 2006.  Albert is requesting that the Court reinstate the conditions of release that were in existence before he was arrested for violating them. For the reasons set forth herein, the government opposes this motion and requests that the Court detain Albert pending sentencing or, in the alternative, reschedule his sentencing for August 9, 2006.

On March 17, 2006, Albert pleaded guilty to the two counts in which he was named.  He must be detained unless the Court finds that "there is a substantial likelihood that a motion for acquittal or new trial will be granted" or that the government "has recommended that no sentence of imprisonment be imposed" *and*

the Court "finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community."  18 U.S.C. § 3143(a)(2).  Albert does not even attempt, and cannot, meet the first condition precedent to a possible release pending sentencing: there is no likelihood of a motion for acquittal or new trial since he pleaded guilty and the government will be recommending a sentence of imprisonment. Indeed, the applicable Guideline Sentencing Range, as calculated by the Probation Department, is 46-57 months' imprisonment.  *See* PSR at ¶ 166.  Accordingly, unlike the situation that existed in January 2006, when Albert was arrested for violating the conditions of his pretrial release, his detention is now mandatory.[1]

In addition, the Court should not release Albert because he has demonstrated an inability to comply with the conditions. While on pretrial release, Albert tested positive for drugs nine separate times while continuously denying that he used illegal drugs or that he needed any type of drug treatment.  *See* December 30, 2005 memorandum from Pretrial Services Officer Basil Cronin to the Court; March 15, 2006 letter from Pretrial Services

---

[1]A defendant who is subject to mandatory detention under § 3143(a)(2) may still be ordered released under appropriate conditions "if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate." 18 U.S.C. § 3145(c).  Albert, however, cannot demonstrate that any such exceptional reasons exist in his case and has not even attempted to do so.

Officer Judith Oxford to the Court.  On January 26, 2006, Albert
was arrested pursuant to a warrant issued by the Court based on
Albert's repeated violations of his release conditions.  At
hearings in January, Magistrate Judge Dein detained Albert but
ultimately agreed to his request that he be afforded the
opportunity to attend an in-patient drug treatment program rather
than remain incarcerated.  The fact that Albert has made progress
in this program should not now be used as a means to place Albert
in a situation where he might be tempted to return to drug use,
especially since his detention is now mandatory.

For these reasons, the government respectfully requests that
the Court deny Albert's motion and that it detain Albert pending
his sentencing hearing on August 29, 2006 or, in the alternative,
that it reschedule the sentencing hearing to August 9, 2006.


                                    Respectfully submitted,

                                    MICHAEL J. SULLIVAN
                                    United States Attorney

                              By:   /s/Michael J. Pelgro
                                    Michael J. Pelgro
                                    Assistant U.S. Attorney


DATED:    August 3, 2006.


3

CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and that paper copies will be sent to those indicated as non-registered participants.


 /s/Michael J. Pelgro
Michael J. Pelgro
Assistant United States Attorney


Dated:    August 3, 2006.